FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

00 MAY 30 PM 3: 46

U.S. DISTRICT COURT
N.D. OF ALABAMA

EMCC/SAGRES, a corporation,,    }
                                }
        Plaintiff,              }
                                }      CIVIL ACTION NO.
v.                              }
                                }      00-AR-1081-J
VICKERY R. KIMBRELL,            }
                                }
        Defendant.              }
                                }
***************************      }
                                }
VICKERY R. KIMBRELL,            }
                                }
        Third-Party Plaintiff,  }
                                }
v.                              }
                                }
STATE FARM MUTUAL AUTOMOBILE    }
INSURANCE COMPANY, *et al.*,    }
                                }
        Third-Party Defendants. }

ENTERED

MAY 30 2000

## MEMORANDUM OPINION

The court has before it a motion to remand the above-entitled
case which was removed by the so-called third-party defendant,
State Farm Mutual Automobile Insurance Company ("State Farm"), from
the District Court of Walker County, Alabama.  Vickery R. Kimbrell
("Kimbrell"), the so-called third-party plaintiff, who is the
defendant in the original action, contests removal jurisdiction ,
claiming that State Farm cannot claim diversity because it has many
offices in Alabama.  This is a spurious argument.  Kimbrell's
unwillingness to avail himself of the guaranteed remand inherent in

1

*Bailey v. Wal-Mart, 981 F. Supp. 1415 (N.D. Ala. 1997),* will be irreversible unless he invokes that opportunity within fourteen (14) days.

A good argument for lack of diversity jurisdiction would be that the jurisdiction of this court is derivative and that the jurisdiction of the District Court of Walker County is limited to $10,000 despite what the so-called third party complaint there seeks, thus limiting Kimbrell's claim in this court to $10,000. This should suit State Farm just fine. The jurisdictional minimum of $75,000 for a diversity removal  would not exist but for Kimbrell's continued insistence that he is seeking more than $75,000.

Kimbrell's complaint against State Farm and LSI Financial Group, Inc. ("LSI"), is, in actuality, not a "third party complaint" at all.  It constitutes an entirely separate and independent tort claim, even though it may involve some facts in common with the original complaint.  Kimbrell makes no claim whatsoever of **indemnity** by State Farm and/or LSI as against the original contract claim brought by EMCC/SAGRES against Kimbrell.

Because there is no subject matter jurisdiction over the original action of  EMCC/SAGRES against Kimbrell it will be remanded.

State Farm and LSI have filed motions to dismiss, and, in the alternative, State Farm has moved for judgment on the pleadings.

Although the court finds that some of the arguments put forward by State Farm and LSI are not without merit, the court will wait for motions pursuant to Rule 56, F.R.Civ.P., after discovery has been allowed, and in the meanwhile will deny defendants' motions and require them to answer.

    DONE this _____ day of May, 2000.

                WILLIAM M. ACKER, JR.
                UNITED STATES DISTRICT JUDGE